657 So.2d 135 (1995)
Patricia Sierra MACRELLIS, Plaintiff-Appellee,
v.
SOUTHWEST LOUISIANA INDEPENDENCE CENTER, Defendant-Appellant.
Scott TAYLOR, Plaintiff-Appellee,
v.
SOUTHWEST LOUISIANA INDEPENDENCE CENTER, Defendant-Appellant.
Laura JAYNES, Plaintiff-Appellee,
v.
SOUTHWEST LOUISIANA INDEPENDENCE CENTER, Defendant-Appellant.
Nos. 94-1155 to 1157.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*136 Nicholas Pizzolatto, Jr., Lake Charles, for Patricia Sierra Macrellis, Scott Taylor and Laura Jaynes.
Skipper Maurice Drost, Sulphur, for Southwest Louisiana Independence Center.
Before COOKS, WOODARD and PETERS, JJ.
PETERS, Judge.
In these consolidated cases, Patricia Sierra Macrellis, Scott Taylor, and Laura Jaynes filed suit against their former employer, Southwest Louisiana Independence Center (SLIC), for vacation pay, penalties, and attorney fees. Ms. Macrellis also sought payment for uncompensated overtime hours. The trial court awarded Ms. Macrellis $750.00 in unpaid annual leave, $2,028.13 in unpaid compensatory time and $9,000.00 in penalty wages; Mr. Taylor $220.00 in unpaid annual leave and $3,960.00 in penalty wages; and Ms. Jaynes $132.00 in unpaid annual leave and $3,960.00 in penalty wages. The court also awarded $6,000.00 in attorney fees.
SLIC appeals, contending that the trial court erred in (1) concluding that all the plaintiffs earned their annual leave and that Ms. Macrellis additionally earned her compensatory time and (2) awarding penalties and attorney fees.

FACTS
Ms. Macrellis worked for SLIC from July 23, 1987, through April 15, 1988. Mr. Taylor worked for SLIC from September 28, 1987, until April 26, 1988. Ms. Jaynes worked for SLIC from November 9, 1987, until April 25, 1988. In each case, the employment relationship was terminated by SLIC. This suit arises because the plaintiffs contend they were not compensated for earned annual leave at the time their employment was terminated. Ms. Macrellis claims to have earned seven and one-half days of annual leave, Mr. Taylor claims five days, and Ms. Jaynes claims three days. SLIC acknowledges that the plaintiffs were not paid for this annual leave but denies it is owed. Additionally, Ms. Macrellis alleges that she had accumulated 162.25 hours of compensatory time in lieu of overtime for which she was not compensated. SLIC acknowledges amicable demand on each of the claims.

OPINION

Vacation and Compensation Time
Concerning annual leave, SLIC's PERSONNEL POLICY AND PROCEDURE MANUAL provides in part:
4.01.00 Annual Leave
Annual leave is accumulated based on the following criteria:

*137
Employed 1-5 years = 10 working days/yr
Employed 6-10 years = 15 working days/yr
Employed 11 + years = 20 working days/yr

Annual leave cannot be accumulated beyond the maximum earned within an 18 month period of time (for example: 1-5 yrs = 15.0 days).
Use of annual leave is permitted only after the employee has completed probation, has attained regular full time status, and has been employed by the agency for one year. Employees on probationary status who are subsequently offered regular full time employment will be credited with annual leave benefits earned during their probationary period.
La.R.S. 23:631(A) provides in part that "[u]pon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation." (Emphasis added). Vacation pay is considered wages for the purpose of the statute. Potvin v. Wright's Sound Gallery, Inc., 568 So.2d 623 (La.App. 2 Cir.1990).
SLIC does not allege that the plaintiffs have not completed their probationary period or that they have not attained regular full-time status. The employer's only argument is that the right to annual leave did not vest in the plaintiffs until they were employed for one year.
In Berteau v. Wiener Corp., 362 So.2d 806, 808-09 (La.App. 4 Cir.), writ denied, 365 So.2d 242 (La.1978), the court stated:
A vested right is defined as that case when "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right." Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949).
Under the terms of SLIC's manual, annual leave was accumulated on the basis of the years of employment and was earned even during the probationary period. However, it could be used only after the employee had completed probation, attained regular full-time status, and been employed by the agency for one year. Although the right to enjoy the annual leave was prospective, it became the property of the employee as it was earned during the first year of employment. Thus, the earned annual leave was an "amount then due" under La.R.S. 23:631(A). SLIC does not contest that the amounts alleged by the plaintiffs are inaccurate. Therefore, we affirm the award of annual leave.
SLIC also had a policy of crediting an employee with compensation time in lieu of paying overtime benefits. Basically, the employee could use the compensation time in the future and take paid time off from employment when it was convenient to the employer and employee. This policy was authorized by subsection 3.05.00 of SLIC's PERSONNEL POLICY AND PROCEDURE MANUAL. Ms. Macrellis claims she had accumulated 162.25 hours of compensation time prior to termination of her employment. In its answer, SLIC simply denied that Ms. Macrellis was entitled to payment for compensatory time, and SLIC presented no evidence on this issue at the hearing. On appeal, SLIC assigned as error the finding that Ms. Macrellis had earned her compensatory time, but SLIC did not brief the issue. Under Uniform RulesCourts of Appeal 2-12.4, we may consider as abandoned any assignment of error which has not been briefed. Therefore, we affirm the award of compensatory time.

Penalties and Attorney Fees
La.R.S. 23:632 provides in part that "[a]ny employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages." La.R.S. 23:632 is a penal statute, must be *138 strictly construed, and yields to equitable defenses. Boudreaux v. Hamilton Medical Group, Inc., 94-0879 (La. 10/17/94); 644 So.2d 619. In order to recover penalty wages, the employer must be found to have acted in bad faith or in an arbitrary or unreasonable manner, and penalty wages are not to be absolutely imposed when there is an equitable defense. Brown v. Navarre Chevrolet, Inc., 610 So.2d 165 (La.App. 3 Cir.1992).
Concerning the failure to pay annual leave, we assume that SLIC's defense is that it relied on the manual. Without more, we might conclude that the manual could have been mistakenly interpreted by SLIC to mean that annual leave was not vested until the employee had worked for the company for a full year. However, the evidence adduced at trial establishes that others whose employment was terminated within the year were paid annual leave. We do not find that the trial court committed manifest error in concluding the employer was arbitrary in refusing to pay annual leave. Absent a finding of manifest error, the trial court's factual determination should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
Reasonable attorney fees are to be awarded in the event of a well-founded suit for unpaid wages, regardless of whether penalty wages are awarded, and the attorney fee award is to be taxed as court costs against the employer. La.R.S. 23:632; Cochran v. American Advantage Mortgage Co., Inc., 93-1480 (La.App. 1 Cir. 6/24/94); 638 So.2d 1235. Since the plaintiffs received judgment entitling them to back-due "wages," the suit is well-founded, and the plaintiffs are entitled to reasonable attorney fees. SLIC does not contest the amount of the award, and the plaintiffs have not requested additional attorney fees for the appeal. Therefore, we affirm the award of attorney fees.

DISPOSITION
We affirm the trial court's judgment in all respects and assess all costs of this appeal against Southwest Louisiana Independence Center.
AFFIRMED.