STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**MARY L. BROWN, ET AL.**

**VERSUS**

**AVOYELLES PARISH SCHOOL BOARD**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NUMBER 2000-1321-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLIE COLOMBARO WOODARD**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

J. Isaac Funderburk
Funderburk & Herpin
Post Office Drawer 1030
Abbeville, Louisiana 70511-1030
(337) 893-8140
Counsel for Plaintiffs/Appellants:
    Mary L. Brown, Walter M. Brown,
    Philip J. Coco, Samuel Curtis
    Conner, Adam Desselle, Estate of
    Irvin Dubroc, Lynn Fogleman,
    Willis Leo Fuqua, Billy R.
    Hendrix, Roosevelt Joshua, Linus
    M. Juneau, Burnell F. Lemoine,
    Ronald J. Lemoine, Lamar R.
    Marcotte, Jr., and George G.
    Voinche

James T. Lee
Assistant District Attorney
Post Office Box 1021
Bunkie, Louisiana 71322
(318) 346-6616
Counsel for Defendant/Appellee:
    Avoyelles Parish School Board

WOODARD, Judge.

Former employees of the Avoyelles Parish School Board appeal the trial court's grant of an exception of prescription, dismissing their suit. We affirm.

* * * * *

Fifteen former employees of the Avoyelles Parish School Board (Board) filed an action individually and on behalf of other former employees similarly situated against the Board. The Board filed an exception of prescription before class certification.

The Plaintiffs claim entitlement to back wages and penalty wages. Specifically, they maintain that they are entitled to be compensated for accrued "annual leave" that they had not taken by the time they retired.

The trial court granted the Board's exception of prescription and dismissed the Plaintiffs' claims. They appeal this ruling.

* * * * *

STANDARD OF REVIEW

Where the parties introduce evidence to support or controvert an exception, the trial court's factual determinations based on such evidence are subject to the manifest error standard of review.[1] However, if the trial court made a legal error which interdicted the fact-finding process, we conduct an independent review of the record.[2]

We find that the trial court made a legal error which not only interdicted the fact-finding process but eliminated it, altogether. It determined that *Wyatt v. Avoyelles Parish School Board*[3] precluded its consideration of the doctrine of *contra non valentum* in the instant case. Specifically, it stated:

---

[1]*Parker v. Buteau,* 99-519 (La.App. 3 Cir. 10/13/99), 746 So.2d 127.

[2]*Ferrell v. Fireman's Fund Ins. Co.,* 94-1252 (La. 2/20/95), 650 So.2d 742, *rev'd in part, on other grounds*, 96-3028 (La. 7/1/97), 696 So.2d 569.

[3]01-3180 (La. 12/4/02), 831 So.2d 906.

1

> I disagree with the ruling of The Supreme Court in the **Marcotte, Wyatt and Seiss** [consolidated] **cases**, as to the issues that were reversed
>
> . . . .
>
> However it is the higher court, the court of last opinion, and I must follow their ruling.
>
> ALSO, I must follow their ruling on the PRESCRIPTION ISSUE. The current state of the law, as announced by The Supreme Court, says it's a three (3) year date, which becomes exigible or due upon the date of retirement, period.

We agree that the *facts* in *Wyatt* were strikingly similar to the facts in the case at bar. However, the *issues* were not; therefore, *Wyatt* does not govern. In *Wyatt*, the plaintiffs, also, were former employees of Avoyelles Parish School Board. They, too, claimed back wages for unused and uncompensated "annual leave" at the time of their retirements. The supreme court found that "the annual leave earned during the last year of employment was exigible or due upon the date of each plaintiff's retirement."[4]

Notwithstanding, the plaintiffs in *Wyatt* filed their suit within three years of their retirements. Thus, the supreme court did not have to address whether *contra non valentum* applied. The trial court erred in finding that *Wyatt* mandated that it grant the exception. Accordingly, we decide the prescription issue *de novo*.

**PRESCRIPTIVE PERIOD**

Normally, the party pleading the exception of prescription bears the burden of proving it.[5] However, when a claim is prescribed on its face, the burden shifts to the relator to show that the exception should not be maintained.[6]

Louisiana Civil Code Article 3494 provides a three-year prescriptive period for wages claims. The Plaintiffs retired between June 30, 1982 and June 30, 1995. Thus, the wages were due on the dates of their retirements, respectively.[7] They filed this claim on December 9, 2000, more than three years after their claimed wages became

---

[4]*Id.* at 915.

[5]*Spott v. Otis Elevator Co.*, 601 So.2d 1355 (La.1992).

[6]*Id.*

[7]*See La.R.S.* 23:631. *See also Wyatt*, 831 So.2d 906.

due.  Accordingly, the Plaintiffs' claims are prescribed on the face of their petition, shifting the burden to them to show otherwise.[8]

At the trial on the exception, Plaintiffs' counsel attempted to introduce some of the Plaintiffs' affidavits in which each stated that s/he did not know s/he might have a claim against the board until April of 1998.  The trial court admitted this evidence subject to the Board's counsel's objection.  It questioned the admissibility of these affidavits through which the Plaintiffs sought to enter new evidence, since in their original petition, Plaintiffs did not make any assertions regarding the suspension of prescription or their inability to bring their claims within the prescriptive period.  We need not determine the correctness of this admission, as we find below, that the application of *contra non valentum* cannot save Plaintiffs' claims from prescription.  Thus, even with the benefit of this evidence, Plaintiffs did not adequately rebut the presumption that their claims had prescribed.

### CONTRA NON VALENTUM

*Contra non valentem agere nulla currit praescripto* is a suspensive theory, meaning "prescription does not run against a party unable to act."[9]  There are four general instances in which we apply the doctrine:

> (1) when there is a legal cause that prevented courts or their officers from taking cognizance of or acting on the plaintiff's action;

> (2) when there is a condition coupled with the contract or connected with the proceeding that prevent the creditor from suing or acting;

> (3) when the debtor himself did some act that effectually prevented the creditor from availing himself of his cause of action; and

---

[8]*See Spott,* 601 So.2d 1355.

[9]*Picard v. Vermilion Parish Sch. Bd.,* 00-1222, p. 3 (La.App. 3 Cir. 4/4/01), 783 So.2d 590, 594, *writ denied,* 01-1346 (La. 6/22/01), 794 So.2d 794 (quoting *Wimberly v. Gatch,* 93-2361, p. 4 (La. 4/11/94), 635 So.2d 206, 211).

3

(4) when the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[10]

Plaintiffs urge that this last instance applies to them. Under this theory, prescription does not begin to run until a plaintiff has a reasonable basis to pursue a claim against a specific defendant.[11] Even though the Plaintiffs were aware that they had accrued annual leave, which they had yet to take when they retired, they assert that they had no reason to question the lawfulness of the Board's policy not to compensate them for such unused annual leave. However, in April of 1998, Forethought Consulting, Inc., issued a "policy alert," apprizing employers of a 1997 amendment to La.R.S. 23:631. This statute provides, in pertinent part:

> A(1)(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the *amount then due under the terms of employment*, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.

(Emphasis added.)

The 1997 amendment added section (D) which states:

> D(1) *For purposes of this Section, vacation pay will be considered an amount then due* only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
>
> > (a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
> >
> > (b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.

---

[10]*Hendrick v. ABC Ins. Co.*, 00-2403, p. 10 (La. 5/15/01), 787 So.2d 283, 290 (quoting *Corsey v. State, Through Dep't of Corr.*, 375 So.2d 1319, 1321-22 (La.1979)).

[11]*Picard*, 783 So.2d 590.

4

(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.

(Emphasis added.)

Plaintiffs allege that the policy alert was the first indication to them that they may have a cause of action against the Board, and its issuance date should, therefore, serve as the date prescription began to run against them. We do not agree.

Louisiana Revised Statutes 23:634(A) provides:

No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their *wages* if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

(Emphasis added).

Even before the 1997 amendments to La.R.S. 23:631, there was a long history of jurisprudence which considered accrued vacation time to be equivalent to wages.[12] As the policy alert recognized, the "added statutory provision [La.R.S. 23:631(D)] is apparently in keeping with recent court cases, stating that unused vacation pay is considered *wages* and equivalent to *amount then due under terms of employment*." Arguably, this jurisprudence, alone, called into question whether certain vacation policies such as "use it or lose it" policies were lawful or, instead, amounted to an impermissible forfeiture of wages under La.R.S. 23:634.[13]

---

[12]*See, e.g., Barrilleaux v. Franklin Found. Hosp.*, 96-343 (La.App. 1 Cir. 11/8/96), 683 So.2d 348, *writ denied*, 96-2885 (La. 1/24/97), 686 So.2d 864; *Macrellis v. S.W. La. Ind. Ctr.*, 94-1155 (La.App. 3 Cir. 5/3/95), 657 So.2d 135; *Lambert v. Usry & Weeks*, 94-216 (La.App. 5 Cir. 9/14/94), 643 So.2d 1280*; Potvin v. Wright's Sound Gallery, Inc.*, 568 So.2d 623 (La.App. 2 Cir. 1990); *Garrison v. Burger King Corp.*, 537 So.2d 834 (La.App. 5 Cir. 1989); *Blankenship v. S. Beverage Co., Inc.*, 520 So.2d 440 (La.App. 1 Cir. 1988); *Pohl v. Domesticom, Inc.*, 503 So.2d 125 (La.App. 5 Cir.),*writ denied*, 505 So.2d 1148 (La.1987); *Lee v. Katz & Bestoff, Inc.*, 479 So.2d 459 (La.App. 1 Cir. 1985); *Howser v. Carruth Mortg. Corp.*, 476 So.2d 830 (La.App. 5 Cir. 1985).

[13]*See Picard*, 783 So.2d 590.

However, in *Picard*,[14] this court found no manifest error in the trial court's decision that such jurisprudence was not sufficient to put the plaintiffs on notice that they had a claim. Rather, we found that the plaintiffs' inaction in *Picard* was reasonable because neither the supreme court nor this circuit had squarely addressed "whether an employer may refuse to give compensation for accrued but unused vacation time," until we rendered *Baudoin v. Vermilion Parish School Board*.[15] In that case, we found that a retired employee may be entitled to compensation for accrued unused leave upon retirement, despite the employer's unwritten policy not to do so.[16]

In *Picard*, we upheld the trial court's finding that the employees were reasonably prevented from realizing that they had a reasonable basis for pursuing their claims until we decided *Baudoin*. However, implicit in this holding is that the *Baudoin* decision *did provide* sufficient notice to the plaintiffs. Likewise, the *Baudoin* decision provided sufficient notice to the Plaintiffs in the instant case; it provided them with a reasonable basis to pursue their claims for wages. We rendered *Baudoin* in April of 1997 and the supreme court denied writs in June of 1997. Thus, even under *contra non valentum*, prescription began to run against the Plaintiffs in June of 1997 and ended in June of 2000.

"Louisiana jurisprudence considers *contra non valentum* to be 'an exceptional remedy . . . in direct contradiction to the articles in the Civil Code' which must be strictly construed."[17] Thus, we decline to stretch its application to the extent that it would encompass the Plaintiffs' claims in the instant case.

---

[14]*Id.*

[15]96-1604 (La.App. 3 Cir. 4/2/97), 692 So.2d 1316, *writ denied*, 97-1169 (La. 6/20/97), 695 So.2d 1358.

[16]*Id.*

[17]*Picard*, 783 So.2d at 594 (quoting *Harsh v. Calogero*, 615 So.2d 420, 422 (La.App. 4 Cir. 1993)).

## CONCLUSION

We find that the trial court erred by not considering whether *contra non valentum* prevented the prescription of the Plaintiffs' claims. However, our independent analysis of the doctrine's application leads us to the same conclusion. Thus, we affirm the trial court's dismissal of Plaintiffs' claims because they have prescribed. We cast the costs of this appeal on the Plaintiffs/Appellants.

**AFFIRMED.**