# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2020

No. 19-30438
Summary Calendar

Lyle W. Cayce
Clerk

ROGELIO DAVID CAMPOS,

Plaintiff–Appellant,

v.

CITY OF NATCHITOCHES; LEE POSEY, individually and in his capacity as
Mayor of Natchitoches; MICKEY DOVE, Chief Natchitoches Police
Department; STEPHEN RACHAL, Sergeant,

Defendants–Appellees.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-538

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Appellant Rogelio David Campos filed a civil suit under 42 U.S.C. § 1983
against the City of Nachitoches, its mayor, its police chief, and a police sergeant
(collectively "Appellees"). He alleged he was harassed, menaced, and arrested
for lawfully photographing cars and other people, in violation of his First
Amendment rights. He also claimed he was willfully arrested with excessive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-30438

force and without probable cause a second time, violating several other constitutional rights. The district court dismissed his case. Because his initial complaint was time-barred and his subsequent motions were properly denied, we AFFIRM.

**I**

On April 14, 2017, Campos claims he photographed a car with "an illegible paper plate and black windows." The car allegedly followed him, and its driver shouted at him before driving away, all while Campos took more photos. Soon afterward, he claims another driver pulled up and shouted at him. Campos photographed her, exited his car, and continued to take pictures of her while walking away.

About an hour later, Campos says he was stopped without reason by a police officer who then called for backup. He claims the officers made disparaging remarks, threatened him, and told him his photography was "unlawful." The officers arrested Campos, who asked what he was being charged with. They told him: "Disturbing the peace."[1]

On April 17, 2018, Campos filed the suit now before us, also alleging an instance of excessive force on the day after his arrest by various members of Natchitoches's police force. He further contended that Natchitoches's ordinance against disturbing the peace, which criminalizes "[c]ommission of any . . . act in such a manner as to unreasonably disturb or alarm the public," was unconstitutionally vague and overbroad.[2]

Appellees soon moved to dismiss on the grounds that Campos's claim was time-barred. While the district court was considering this motion, Campos filed

---

[1] *See* NATCHITOCHES CODE § 10-58(a)(7).

[2] *Id.*

2

No. 19-30438

an incomplete motion for a revised scheduling order on November 15, 2018[3] and a motion for leave to amend his complaint on December 6, 2018. The court found that Campos's motion to revise the scheduling order failed to show good cause, and that his motion to amend was untimely. They also granted the appellees' motion to dismiss, finding that Campos's claims were time-barred. Campos appealed the district court's findings.

## II

"A statute of limitations may support dismissal . . . where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[4] When considering § 1983 claims like this one, we borrow the relevant state's statute of limitations.[5] Here, that state is Louisiana. And we apply the Louisiana one-year prescriptive statute for delictual actions "as the pertinent statute of limitations for § 1983 actions."[6] But "the date a § 1983 claim accrues is governed by federal, not state law."[7] We have held that "[t]he limitations period begins to run when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"[8]

---

[3] Campos did not attach a proposed amended complaint to this motion, as required by W.D. LA. CIV. R. § 7.6.

[4] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Campos raises the equitable defense of contra non valentem, which under Louisiana tort law "prevents the commencement of the running of prescription 'when the plaintiff does not know nor [sic] reasonably should know of the cause of action.'" *Terrebonne Par. Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303 (5th Cir. 2002) (quoting *Picard v. Vermillion Par. Sch. Bd.*, 783 So.2d 590, 594 (La. App. 3 Cir. 2001)). But this is a doctrine of Louisiana state law, not federal law. Campos thus does not raise any relevant basis for tolling in his brief.

[5] *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018).

[6] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989); *see also* LA. CIV. CODE art. 3492 (1992).

[7] *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

[8] *Id.* (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)).

No. 19-30438

The parties do not dispute that Campos was arrested on April 14, 2017, and allegedly suffered excessive force on April 15, 2017. Campos was aware that both of these alleged events occurred at the time they were occurring. Therefore, the statute of limitations prescribed any action based on his arrest on April 14, 2018 and any action based on his excessive force claim on April 15, 2018. These dates fell on a Saturday and Sunday, respectively, which means that the period for filing "continue[d] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[9] So Campos's last day to file for both claims was April 16, 2018, which was a Monday and not a federal holiday. Because Campos did not file until April 17, 2018, his suit is time-barred.

Campos also protests the district court's denial of his aforementioned motions. The district court denied Campos's motion to revise the scheduling order on futility grounds because his supporting materials contained only conclusory allegations and no proposed amendment. And the court denied his motion to amend because (1) it was untimely and (2) Campos failed to show good cause to amend because he did not attach an amended complaint or specify "what additional allegations" he would bring in his amendment. Reviewing for abuse of discretion,[10] we find these conclusions reasonable and consonant with our caselaw.[11]

*     *     *     *     *

For these reasons, the district court's judgment is AFFIRMED.

---

[9] FED. R. CIV. P. 6(a)(1)(C).

[10] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

[11] *See id.* (finding that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile" and "[a]n amendment is futile if it would fail to survive a Rule 12(b)(6) motion").