STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-263

PHILLIP HEBERT AND BRIAN HEBERT

VERSUS

LOUISIANA FARM BUREAU MUTUAL
INSURANCE COMPANY, ENTERGY LOUISIANA, LLC
AND CNH INDUSTRIAL AMERICA, LLC

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-455-22
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Charles G. Fitzgerald,
Judges.

AFFIRMED.

Kendall J. Krielow
Krielow Law Firm, LLC
P. O. Box 1197
Thibodaux, LA 70302
(985) 324-3400
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Phillip Hebert
    Brian Hebert

Patrick J. O'Cain
Deirdre C. McGlinchey
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
COUNSEL FOR DEFENDANT/APPELLEE:
    CNH Industrial America, LLC

Nicholas C. Pappas
Forst Brown Todd, LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN 46244-0961
(317) 237-3800
COUNSEL FOR DEFENDANT/APPELLEE:
    CNH Industrial America, LLC

D. Christopher Robinson
Frost Brown Todd, LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
COUNSEL FOR DEFENDANT/APPELLEE:
    CNH Industrial America, LLC

John A. Braymer
Ryan N. Ours
446 North Boulevard
Baton Rouge, LA 70802
(225) 381-5759
COUNSEL FOR DEFENDANTS/APPELLEES:
    Entergy Louisiana, LLC
    Entergy Corporation

Christopher J. Rinn
Plauche, Smith & Nieset, LLC
P. O. Drawer 1705
Lake Charles, LA 70602
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
    Louisiana Farm Bureau Mutual Insurance Company

**KYZAR, Judge.**

Plaintiffs, Phillip Hebert and Brian Hebert, appeal from a judgment dismissing their suit against CNH Industrial America LLC (CNH) on a peremptory exception of prescription. The trial court ruled that a lawsuit filed on August 17, 2022, for an incident that occurred on August 16, 2021, was prescribed, and dismissed the case with prejudice. Plaintiffs assert that the trial court committed error by liberally construing Louisiana's statutes related to prescription and holding that the doctrine of *contra non valentem* did not apply. For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

This action arises out of an accident that occurred on August 16, 2021. On that date, Christopher Kyle Hebert (Christopher) was operating a Case IH combine while harvesting a rice field. The combine Christopher was operating was co-owned by Plaintiffs and was designed and manufactured by defendant CNH. At some point, Christopher extended an auger on the combine to offload rice to a cart. During this offloading process, the auger contacted a high voltage power line, causing severe personal injuries to Christopher and substantial damage to the combine.

Plaintiffs filed suit on August 17, 2022, under the Louisiana Products Liability Act, for the damage and diminution in the fair market value of the combine against CNH, as designer and manufacturer of the combine, Entergy Corporation and Entergy Louisiana, LLC, as owner and operator of the power line, and Louisiana Farm Bureau Mutual Insurance Company, as insurer of the combine.[1] CNH filed a peremptory exception of prescription, asserting that since the incident in question

---

[1] A companion suit, *Christopher K. Hebert and Brandi Hebert v. Entergy Corporation, Entergy Louisiana, LLC and CNH Industrial America LLC*, No. C-014622, was filed and consolidated with the subject suit.

occurred on August 16, 2021, and Plaintiffs petition was not filed until August 17, 2022, the suit was "prescribed on its face and the burden shifts to the Plaintiffs to negate prescription."

The hearing on the exception was held on February 7, 2023, after which the trial court entered a judgment granting the exception of prescription and dismissing Plaintiffs' action against CNH.

Plaintiffs filed this appeal, asserting the following assignments of errors:

1. The trial court committed legal error by failing to strictly construe Louisiana's prescription statutes against prescription and in favor of the Appellants' claims and failing to follow Louisiana's general rules governing the computation of prescriptive period applicable to the Appellants' claims.

2. The trial court committed legal error by failing to consider relevant factors in determining whether the contra non valentem applied to prevent the running on prescription on August 16, 2021, and by inappropriately inferring, on August 16, 2021, the Appellants possessed actual or constructive knowledge that they were the victims of a tort.

## DISCUSSION

*Prescription*

In the first assignment of error, Plaintiffs assert that the trial court failed to strictly construe Louisiana's prescription statutes. This alleged error centers around two primary arguments. The first is that the trial court did not consider La.Code Civ.P. art. 5059 in applying La.Civ.Code art. 3492, which would result in a finding that prescription would not start to run until the day following the event, or August 17, 2021, not the date the damage was done, August 16, 2021. Therefore, Plaintiffs argue that the filing of the lawsuit on August 17, 2022, was timely.

The nature of our appellate review of the trial court's decision here depends on whether evidence was introduced at the hearing on the exception of prescription. *McCall v. La. Right of Way Servs., Inc.*, 20-351 (La.App. 3 Cir. 12/16/20), 310 So.3d

2

248. If no evidence is offered at the hearing on the exception, an appellate court reviews the issue *de novo* and simply determines whether the trial court' s decision was legally correct. *Id.* No evidence was introduced at the hearing on CNH's exception.

Louisiana Civil Code Article 3492 provides a one year liberative prescription for delictual actions:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

Louisiana Code of Civil Procedure Article 5059(A) provides, in pertinent part, the following:

> In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.

In *Delahoussaye v. Thibodeaux*, 498 So.2d 1137 (La.App. 3 Cir. 1986), *writ denied*, 501 So.2d 236 (La.1987), this court addressed the same argument being asserted by Plaintiffs in this case. In *Delahoussaye*, the trial court granted a peremptory exception of prescription as to a lawsuit filed on February 22, 1985, regarding a vehicular accident that had occurred on February 21, 1984. In discussing the interaction of La.Civ.Code art. 3492 and La.Code Civ.P. art. 5059, this court explained:

> LSA–C.C. Art. 3492 provides that the prescriptive period of one year applicable to delictual actions commences to run from the day injury or damage is sustained. Additionally, LSA–C.C. Art. 3456 further provides that if a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription. Accordingly, in the absence of an interruption or suspension of prescription, prescription ran in the case *sub judice* on

3

February 21, 1985. See *Scales v. State*, 411 So.2d 658 (La.App. 4th Cir.1982); *Mangin v. Auter*, 360 So.2d 577 (La.App. 4th Cir.1978).

Delahoussaye's reliance on LSA–C.C.P. Art. 5059, a general statement on the computation of prescriptive periods, is misplaced. A statute which specifically covers a particular subject takes precedence over a general law. *Esteve v. Allstate Ins. Co.*,351 So.2d 117 (La.1977). Applying this principle to the present case, it is clear that LSA–C.C. Arts. 3492 and 3456 prevail over LSA–C.C.P. Art. 5059. Therefore, on the face of the petition, Delahoussaye's claim prescribed on February 21, 1985, and the trial court properly sustained the exception.

*Id.* at 1138.

Just as was the case in *Delahoussaye*, the prescriptive period of one year in the present case began to run from the day the damage occurred, August 16, 2021, and therefore, the filing of the petition on August 17, 2022, was not timely. Plaintiffs are neither minors nor interdicts as to invoke the exception to the one year prescriptive period set forth in Louisiana Civil Code Article 3492.

Plaintiffs' second argument, that the trial court failed to strictly construe Louisiana's prescription statutes, involves the premise that they did not have the requisite knowledge of the technical complexities of identifying and attributing a product defect as the cause of the damage on the day of the accident, and therefore, prescription should not have started on the day of the accident, August 16, 2021. Plaintiffs state, "Louisiana law recognizes the Appellants' LPLA claims require a more nuanced application of the principles for determining their actual or constructive knowledge sufficient to commence the running of prescription."

In support of their position, Plaintiffs cite *David v. Velsicol Chem. Corp.*, 09-1237, (La.App. 3 Cir. 10/27/10), 49 So.3d 997, *writ denied*, 10-2636 (La. 3/9/12), 83 So.3d 1052. In *David*, landowners sued the manufacturer of a tick-killing product used on cattle, alleging that the product contaminated their land and drinking water with arsenic. The use of the chemical occurred prior to 1970 and up to 1985. The plaintiffs asserted that the use of the chemicals was responsible for an elevated rate

of certain types of cancer. The first lawsuit was not filed until 2004, when one of the plaintiffs had a water well in the affected area evaluated after his diagnosis of cancer. In addressing an exception of prescription filed by the defendant, this court stated:

> Until the expert rendered his opinion that the ground water was contaminated with high levels of arsenic and that this could be the cause of the high incidence of certain types of cancer in the area affected by the contamination, Plaintiffs were not aware of the injury they may have suffered or of the affects the contamination of their soil and groundwater may have upon them and their children in the future. In other words, until that time the damage had not "manifested itself with sufficient certainty to support the accrual of a cause of action." Likewise, until Plaintiffs realized that cattle dip used prior to 1970 is the likely cause of the arsenic contamination, they could not have had a reasonable basis "to pursue a claim against a specific defendant."

*Id.* at 1011 (citation omitted).

Plaintiffs' reliance on *David* is misplaced. In *David*, it was obvious that the plaintiffs were sick, however they were not aware of the cause of this sickness. There was prolonged exposure to the chemicals by the *David* plaintiffs. In the present case, Plaintiffs witnessed the auger hitting the power line, resulting in damage to the equipment and severe injury to Christopher. The damages manifested themselves immediately. Plaintiffs admitted in their opposition to the exception that they "[k]new or should have known on August 16, 2021, . . . that their combine contacted energized electrical lines." Plaintiffs were also aware of the manufacturer of the combine as well as the owner/operator of the powerlines.

In *Picard v. Vermilion Parish School Board*, 00-1222, p. 5 (La.App. 3 Cir. 4/4/01), 783 So.2d 590, 595, *writ denied*, 01-1346 (La. 6/22/01), 794 So.2d 794, this court stated:

> Prescription runs from the time that the plaintiff has actual or constructive knowledge of the act, which has been defined as "the time at which the plaintiff has information sufficient to excite attention and prompt further inquiry." *National Council on Compensation Ins. v. Quixx Temporary Serv., Inc.*, 95–725, p. 7 (La.App. 4 Cir. 11/16/95),

5

665 So.2d 120, 124. Prescription does not begin to run at the first indication that the plaintiff may have suffered harm, but rather it begins to run "when plaintiff has reasonable basis to pursue claim against specific defendant." *Jordan v. Employee Transfer Corp.*, 509 So.2d 420, 424 (La.1987). The heart of the inquiry into constructive knowledge is the **reasonableness** of plaintiff's inaction. *Id.*

In *Hogg v. Chevron USA, Inc.*, 09-2632, 09-2635, p. 7 (La. 7/6/10), 45 So.3d 991, 997–98, the Louisiana Supreme Court described the constructive knowledge of a plaintiff sufficient to start the running of prescription in a legacy action:

> Constructive knowledge has been defined by our courts as whatever notice is enough to excite attention and put the injured party on guard or call for inquiry. *Campo v. Correa*, 01–2707, p. 12 (La.6/21/02); 828 So.2d 502, 510–11. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry might lead, and such information or knowledge as ought to reasonably put the injured party on inquiry is sufficient to start the running of prescription. *Id.* In assessing whether an injured party possessed constructive knowledge sufficient to commence the running of prescription, this court's ultimate consideration is the reasonableness of the injured party's action or inaction in light of the surrounding circumstances. *Id.*; *Griffin v. Kinberger*, 507 So.2d 821, 824 n. 2 (La.1987).

Plaintiffs here had actual or constructive knowledge of the act, the auger contacting the power lines, the identity of the owner of the lines, and all other relevant information sufficient to excite attention and prompt further inquiry. There is no doubt they had this information the day the suit was filed. It is beyond comprehension to accept that Plaintiffs did not have the same information the day prior. Therefore, pursuant to La.Civ.Code art. 3492, Plaintiffs had one year from the date of the accident to file suit and failed to do so.

*Contra Non Valentem*

In their second assignment of error, Plaintiffs assert that because they were so involved with obtaining medical care for Christopher, they were unable to timely conduct any investigation or analysis of the cause of the accident, and this fact, coupled with the "complexity and technicalities" involved with the case, should have

6

resulted in a suspension of the prescription period pursuant to the doctrine of *contra non valentem*.

In *Marin v. Exxon*, 09-2368, 09-2371, pp. 11–12 (La. 10/19/10), 48 So.3d 234, 245 (emphasis in original), the supreme court explained *contra non valentem* as follows:

> Although La. C.C. art. 3467 provides that "prescription runs against all persons unless exception is established by legislation," this Court has applied the jurisprudential doctrine of *contra non valentem* as an exception to this statutory rule. We have recognized four factual situations in which *contra non valentem* prevents the running of liberative prescription:
>
> > (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> >
> > (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
> >
> > (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
> >
> > (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
>
> *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034 (La.1987).

The principles of *contra non valentem* will not halt the running of prescription when the plaintiff's ignorance results from his own willfulness or neglect, and a plaintiff is deemed to know what he could have learned through reasonable diligence. *Picard*, 783 So.2d 590.

None of the four situations implicating the application of the doctrine of *contra non valentem* are present here. There was no legal cause which prevented the courts or their officers from taking cognizance of or acting on the claim. There was no condition coupled with contract or connected with the proceedings

7

preventing Plaintiffs from suing or acting. None of the defendants did or took any action effectually preventing Plaintiffs from availing themselves of the cause of action. Finally, the fact that Plaintiffs had or may have a cause of action against the defendants was also known or reasonably knowable. Plaintiffs immediately knew that they had sustained property damage to the combine. The way the accident occurred when the combine's auger contacted the overhead powerline was evident. While the events of the incident were tragic, this does not excuse Plaintiffs' failure to act within the required one-year period, just as it would not act to halt the running of prescription as against the injured party or his or her representatives. Serious accidents resulting from complex factual situations occur frequently. Further, complex factual scenarios alone do not trigger the application of the doctrine of *contra non valentem*. Accordingly, we find that Plaintiffs' assignment of error lacks merit.

## DECREE

The judgment of the trial court granting the exception of prescription in favor of CNH Industrial America LLC is affirmed, dismissing Phillip Hebert and Brian Hebert's suit with prejudice. Costs of this appeal are assessed to Phillip Hebert and Brian Hebert.

**AFFIRMED.**