STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1432


BENNIE L. COKER, ET AL.

VERSUS

TOWN OF GLENMORA, LOUISIANA, ET AL.


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 231,976
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.


                                                              AFFIRMED.

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
P. O. Box 1311
Alexandria, LA 71309-1311
(318) 487-4589
Counsel for Plaintiffs/Appellants:
    Bennie L. Coker
    Jean A. Johnson

**Michael D. Hebert**
**Andrew J. Halverson**
**Milling Benson Woodward, LLP**
**101 La Rue France, Suite 200**
**Lafayette, LA 70508**
**(337) 232-3929**
**Counsel for Defendants/Appellees:**
      **Town of Glenmora, Louisiana**
      **Joseph L. Rivers, Mayor**
      **Municipal Police Employees' Retirement System**

**DECUIR, Judge.**

Plaintiffs, Bennie L. Coker and Jean A. Johnson, filed suit against their employer, the Town of Glenmora, seeking to recover unpaid contributions on their behalf to the Municipal Police Employees' Retirement System (MPERS). Plaintiffs also filed suit against Mayor Joseph Rivers and MPERS itself, but those parties are not part of this appeal. In response, the Town asserted a peremptory exception of prescription which was maintained by the trial court to the extent that it limited Plaintiffs' claims to those arising after June 25, 2005, the three-year period immediately prior to the Plaintiffs' suit being filed. Coker and Johnson have appealed that ruling. For the following reasons, we affirm.

At the time this suit was filed on June 25, 2008, Bennie Coker had served the Town of Glenmora as Chief of Police for twenty-one years, having been first elected in 1987. Jean Johnson served as the Assistant Chief of Police and was the only other police employee for seven years. Louisiana Revised Statutes 11:2214 requires all municipal police officers to be enrolled in MPERS unless the municipality enacted an ordinance prior to January 1, 1978, exempting it from compliance with that provision, or unless the municipality has secured an affidavit from the officer stating his intention not to be a member of MPERS. The record before us establishes that neither Coker nor Johnson was enrolled in MPERS, and neither had signed the requisite affidavit, yet the Town of Glenmora did not have an ordinance exempting it from compliance with La.R.S. 11:2214.

Plaintiffs' suit seeks enrollment in MPERS and past due contributions on their behalf retroactive to the date each began his employment as a police officer for the Town. Coker specifically contends he was given incorrect information by the Town Clerk when he was first elected Chief of Police. The clerk informed him that he was

ineligible for enrollment in a retirement system because he was an elected official. Johnson contends he was told simply that the Town had no retirement system in which he could be enrolled. Instead, both men had social security taxes withheld from their paychecks. In 2007, the Town's finances were reviewed by Louisiana's Legislative Auditor. When the auditor discovered that Plaintiffs were not enrolled in MPERS as required by law, the current town clerk was instructed to look into immediate enrollment for both Coker and Johnson. Subsequently, Plaintiffs instituted this suit seeking to recover all contributions which should have been made by the Town on their behalf since the date they first began their employment as police officers.

The trial court issued written reasons for its judgment maintaining the Town's exception of prescription and limiting Plaintiffs' claims to those arising after July 25, 2005, or three years prior to the date suit was filed. The trial court determined the suit was one for unpaid wages, a claim which is subject to a three-year prescriptive period, and cited La.Civ. Code art. 3494 and *Fishbein v. LSU Health Sciences Center*, 04-2482 (La. 4/12/05), 898 So.2d 1260. The trial court also explained that Plaintiffs did not assert an "affirmative action on the part of the Town of Glenmora that prevented plaintiffs from pursuing a claim against the Town prior to the instant one. They simply assert that neither Coker nor Johnson was *aware* of their eligibility until December 2007 when they were so advised by the auditors."

As an exception to the prescription argument raised by the Town, Plaintiffs rely on the legal doctrine of *contra non valentem*. Under Louisiana law, the doctrine of *contra non valentem* halts the running of prescription under certain circumstances. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261. Here, Coker and Johnson

2

contend prescription was suspended from the time the town clerk communicated inaccurate information regarding their MPERS eligibility until they received correct information from the legislative auditor in 2007. The trial court disagreed with their argument:

> The court finds that contra non valentem is not applicable here. The defendants are not responsible for the plaintiffs' lack of knowledge regarding the law and regarding the duty owed by defendants under the statute to contribute to MPERS on their behalf. If the defendant, or agents of the defendant, misinformed the plaintiffs, this misinformation and subsequent refusal by the Town to put the plaintiffs into MPERS did not *prevent* the plaintiffs from taking advantage of a judicial remedy against the defendant. When each of the plaintiffs' requests for participation in MPERS was denied, the plaintiff[s] then had "information sufficient to excite attention and prompt further inquiry." [*Stevens v. Bruce*, 04-133, p. 8 (La. App. 3 Cir. 6/2/04), 878 So.2d 734, 739, citing *Picard v. Vermilion P. Sch. Bd.*, 00-1222, p. 5 (La. App. 3 Cir. 4/4/01), 783 So.2d 590, 595, *writ denied*, 01-1346 (La. 6/22/01), 794 So.2d 794.]

> Not knowing the law or that the law provides a remedy is not equivalent to not knowing that the cause of action has arisen. . . Here, [p]laintiffs *were aware of the facts* giving rise to their cause of action and were not prevented from filing suit by the defendants' refusal to enroll the plaintiffs in MPERS.

The trial court's resolution of the *contra non valentem* issue was a factual determination of whether Coker and Johnson were indeed prevented from asserting their claims as a result of the incorrect information communicated to them by the Town's administrative staff. The court resolved the issue in favor of the Town, noting, "Ignorance of the law does not affect the running of prescription." As this court held in the *Picard* case, the trial court's findings of fact on the issue of *contra non valentem* are subject to the manifest error or clearly wrong standard of review.

In *Deshotel v. Village of Pine Prairie*, 09-670 (La.App. 3 Cir. 12/9/09), 26 So.3d 975, this court addressed a similar controversy involving a Pine Prairie police officer who, in 1991, was misinformed about his MPERS eligibility and was

3

consequently never enrolled in the state-wide retirement plan. This court specifically found that Pine Prairie officials breached a duty to the plaintiff by giving him inaccurate information, but that, nevertheless, his claim was subject to the three-year prescriptive period set forth in La.Civ. Code art. 3494. Therefore, we held that when "Deshotel filed suit in June 2007, the only claims that had not prescribed were those from June 2004 forward." *Deshotel,* 26 So.3d at 978. Similarly, in *Fishbein*, the supreme court held that the three-year prescriptive period governing a state employee's cause of action against her employer for unpaid retirement contributions began to run upon receipt of the first pay check, in 1980, which did not include the full contribution. Consequently, the *Fishbein* plaintiff's August 2000 suit was prescribed as to all claims arising prior to August 1997.

Careful consideration of the record before us reveals no manifest error in the trial court's decision finding that the doctrine of *contra non valentem* is not applicable to the facts of this case. It is axiomatic that ignorance of the law is no excuse, yet that is exactly what Plaintiffs herein have asserted. Plaintiffs have offered no evidence to suggest that they were prevented from asserting their claims timely. Therefore, their claims were appropriately limited to those arising after June 25, 2005.

Finding no manifest error in the judgment rendered below, we hereby affirm. Costs of this appeal are assessed to Bennie L. Coker and Jean A. Johnson.

**AFFIRMED.**

4