Dear Chief Mills:
You have asked this office to render an opinion as to whether the Town of Homer is legally obligated to pay its past contributions as they relate to the beginning of your employment with the Town of Homer Police Department ("Homer Police Department"), from May 1991 — December 1991, with interest, to the Municipal Police Employees' Retirement System ("MPERS").
The facts you have provided are as follows: You began volunteering as a reserve officer for the Town of Homer Police Department sometime in late 1990 or early 1991 when you did not receive any compensation. You were sworn in as a Deputy Marshal for the Town of Homer on February 13, 1991. At some time in 1991, you paid your own way through the police academy and during that time you began receiving pay from the Homer Police Department. You originally began paying into MPERS in 1991 and you remained a member until December 1994, at which time you terminated employment with the Homer Police Department and withdrew your contributions from the system. Upon becoming re-employed by the Homer Police Department in January 1995, you were erroneously told that you could not rejoin MPERS because you had withdrawn your contributions. In 2001 you re-enrolled in MPERS and you and the town paid all monies due to the system that related to your employment from January 1995 until November 2001.[1] You repurchased your time in MPERS that related to your *Page 2 
employment from December 1991 — December 1994 once you were re-enrolled in the system.
You have reported that you recently became aware that the Town of Homer hired you effective May 1991, rather than December 1991. According to documentation that you have provided us, it appears that the Homer Town Council held a special meeting on September 21, 1992, and that the Council voted to make your employment with the town effective May 1991, and that your supplemental pay should be made retroactive back to that date. You have also provided correspondence from the payroll clerk of the Town of Homer to MPERS dated October 15, 1992, that states that you were hired by the Mayor and Council in December 1991 on a permanent basis, however, due to you working full-time since May 1991, the Mayor and Council made your employment date retroactive to May 1991. This letter also goes on to state that you will need to remit the proper withholdings and the town's portion back to that time.
In order to answer your inquiry a review of the provisions governing MPERS is necessary. MPERS is a state-wide retirement system whose membership primarily consists of law enforcement officers of the municipalities of Louisiana and is provided for at La.R.S. 11:2211
through 2234. Membership in MPERS is mandatory for any person who becomes an "employee" as defined in La.R.S. 11:2213 and who is under fifty years of age on the date of employment. See La.R.S. 11:2214. "Employee" is defined at La.R.S. 11:2213(11) as follows:
(11) "Employee" shall mean any of the following classifications:
(a)(i) Any full-time police officer, empowered to make arrests.
(ii) . . .
 (iii) Any person in a position as defined in the municipal fire and police civil service system who is employed on a full-time basis by a police department of any municipality of this state, who is under the direction of a chief of police, and who is paid from the budget of the applicable police department.
 (iv) Any person listed in this Subparagraph shall only be defined as an employee if he is earning at least three hundred seventy-five dollars per month excluding state supplemental pay.
(b) — (e) . . .
 (f) Employee shall not mean a city or ward marshal or deputy marshal, nor shall this term be construed to include any elected councilman or mayor of any city. *Page 3 
Based on the facts presented to us, under the above definition, your membership in MPERS hinges on your employment as a full-time police officer empowered to make arrests.[2] It appears that during the periods of time when you were either a deputy marshal or you were not being paid you did not meet MPERS definition of "employee" and thus would not have been eligible for membership in MPERS. See La.R.S.11:2213(11)(a)(iv) and (f).
As your request relates to the Homer Council voting to employ you effective May 1991, rather than your December 1991 hire date, the documentation you provide gives conflicting employment dates and are not necessarily descriptive of whether you were hired in a full-time capacity as defined in La.R.S. 11:2213(11). The exact date of your full-time employment as a police officer, empowered to make arrests, therefore, remains a factual issue.
At this juncture, it is important to address this Office's fundamental policy when there are disputed issues of fact. Since 1918, it has been our Office's policy that there will be no opinions rendered on issues of fact. La. Op. Atty. Gen. 445 (1918-19). Therefore, this office will not opine as to whether you were hired in a full-time capacity as defined in La.R.S. 11:2213(11) in May 1991. However, we provide the following legal guidelines, which will determine the Town of Homer's obligations once the facts are established.
If, on the one hand, in May 1991 you were under the age of 50 and you did not meet the definition of "employee" as set forth in La.R.S.11:2213(11), then you did not become eligible for enrollment in MPERS. Instead, you only became eligible for membership as a result of the later action of the Homer Council. If the later action of the Homer Council brought you within the definition of "employee" then you may avail yourself of the provisions of La.R.S. 11:2218(H) and purchase the service credit yourself. La.R.S. 11:2218(H) provides that:
 H.(1) Any active contributing member shall be entitled to receive credit for service as an employee, as the term "employee" is defined in R.S. 11:2213 for which the member has not received credit. Such service may be purchased by the member by paying the employee and employer contributions, at the current rate, based on the member's salary at the time the service was performed, plus six percent compound interest per year from date of service until paid. No credit shall be given until and unless both the employee and employer portions, plus interest are paid in full. *Page 4 
La.R.S. 11:2218(H) provides you with the ability to purchase the service credit from May 1991 — November 1991, as long as you pay the employee and the employer portion of the contributions, at the current rate, based on your salary at the time the service was performed, plus six percent compound interest per year from date of service until paid. Unless and until both the employee and employer portions, plus interest, are paid in full, no credit shall be given for the May 1991 — December 1991 period of time.
If, on the other hand, in May 1991, you were under the age of 50 and you met the definition of "employee" as set forth in La.R.S. 11:2213(11), then you became eligible for enrollment in MPERS and it was incumbent upon the Town of Homer to enroll you in the system and begin making contributions on your behalf. It has been the opinion of this office on numerous occasions that, when a member wishes to purchase prior service credit for the period of time that he should have been a member of a system as a condition of employment, but, was not a member because the employer did not enroll him, the employer is obligated to pay the employer's contribution to the retirement system. See La. Op. Atty. Gen.Nos. 02-0212; 06-0145; 06-0145A; and 07-0206. It has also been the opinion of this office that the employer should pay any applicable interest on the employee's and employer's contributions, and all actuarial costs, while the employee is responsible only for his contributions. See La. Op. Atty. Gen. Nos. 06-0145A and 07-0206.
Please note that your claim is essentially one for the proper reporting by the Town of Homer to MPERS of your earnable compensation and whether the Town of Homer should have made contributions to MPERS based upon your employment from May 1991 — December 1991. The Louisiana Supreme Court has held that a claim for contributions to retirement plans are a form of deferred compensation for services rendered and the prescriptive period for the recovery of compensation for services is three years. Fishbeinv. State ex rel. Louisiana State University, 2004-2482 (La. 4/12/05),898 So.2d 1260 at 1267.[3] The Third Circuit Court of Appeals in two recent decisions relied upon Fishbein when determining that the claims of the former police chief of the Village of Pine *Page 5 
Prairie and the police chief and assistant police chief of the Town of Glenmora were subject to a three year prescriptive period.
In Deshotel v Village of Pine Prairie, 09-670 (La. App. 3 Cir. 12/9/09), 26 So.3d 975, a Pine Prairie police officer in 1991 was misinformed about his MPERS eligibility and was consequently never enrolled in the state-wide retirement plan. Id. at 976. The court specifically found that the Pine Prairie officials breached a duty to Deshotel by giving him inaccurate information but that his claim was nevertheless, subject to the three-year prescriptive period set forth in La. Civ. Code art. 3494. Id. at 978. The court held that when Deshotel filed suit in June 2007, the only claims that had not prescribed were those from June 2004 forward. Id.
Similarly, in Coker v. Town of Glenmora, 09-1432 (La. App. 3 Cir. 5/5/10), 37 So. 3d 532, Police Chief Coker and Assistant Police Chief Johnson filed suit against the town, seeking enrollment in MPERS and past due contributions on their behalf retroactive to the date each began employment as a police officer for the town. Id. at 533. Chief Coker was told by the Town Clerk that he was ineligible for enrollment in a retirement system because he was an elected official and Assistant Chief Johnson was told that the town had no retirement system in which he could be enrolled. Id. at 533. Both assert that they became aware of their eligibility in December 2007 when they were so advised by the Louisiana Legislative Auditor. Id. at 534. The court relying upon Deshotel andFishbein limited their claims to those arising after June 25, 2005, the three-year period immediately prior to suit being filed. Id. at 535.
In conclusion, your inquiry of whether the Town of Homer is legally obligated to pay its past contributions as they relate to the beginning of your employment with the Homer Police Department from May 1991 — December 1991, with interest, to MPERS is fact-based and is dependent upon whether in May 1991, you met the definition of "employee" as set forth in La.R.S. 11:2213(11). *Page 6 
We trust that this adequately responds to your request. If you have any questions please do not hesitate to contact us.
With kindest regards,
Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 SONIA MALLETT
 Assistant Attorney General

JDC:SM:jv Enclosures
[1] In 2002 you made inquiry to this office of whether the Town of Homer was obligated to purchase time for your employment from January 1995 — November 2001. This was the subject of Opinion Number 02-0212, wherein this office opined that the Town of Homer should have placed you into the system upon your employment with the police department in 1995, based upon our office's understanding that you met the conditions for enrollment in the system at the time you were hired in January 1995. It was also the opinion of this office that the Town of Homer was legally obligated to pay its percentage of past contributions.
[2] It is possible that you may qualify as an "employee" under the other criteria set forth in La.R.S. 11:2213(11) however, the facts do not appear to implicate those other criteria, therefore they are not addressed in this opinion.
[3] In Fishbein, the Louisiana Supreme Court had to determine when Fishbein could act on her claim for the proper reporting of her earnable compensation and for employer contributions on her behalf to TRSL based on her supplemental salary. In its decision, the Louisiana Supreme Court found that Fishbein could have acted on her claim the first month LSU paid her supplemental salary and failed to remit its share of employer contributions to TRSL based on her supplemental salary. Id. at 1269. Therefore, when Fishbein filed suit on August 7, 2000, any claims she had for recovery of compensation for services rendered prior to August 7, 1977, were prescribed. Id. at 1269.