(NOT FOR PUBLICATION)

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-851 C/W 11-852

CHARLES THIBODEAUX, ET AL.

VERSUS

CITY OF BREAUX BRIDGE

AND

CITY OF BREAUX BRIDGE

VERSUS

CHARLES THIBODEAUX, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, DOCKET NO. 72,633 and 72,666
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

**SYLVIA R. COOKS**
**JUDGE**
**********

Court composed of Sylvia R. Cooks, John D. Saunders and Shannon J. Gremillion, judges.

**AFFIRMED**.

Michael D. Hebert
Milling, Benson, Woodard, LLP
101 La Rue France, Suite 200
Lafayette, LA 70508
(337) 232-3929
Attorney for Defendant/Appellee, City of Breaux Bridge

Dawn N. Guillot
P.O. Box 80819
Baton Rouge, LA 70898
(225) 383-0304
Attorney for Plaintiffs/Appellants Charles Thibodeaux, Et Al.

**COOKS, Judge**.

## FACTS AND PROCEDURAL HISTORY

Charles Thibodeaux, Aline Dardar, Myra Montet, Dickie Davitt, and Diana Batiste, (Plaintiffs) municipal police officers for the City of Breaux Bridge, (Breaux Bridge) filed suit against Breaux Bridge alleging they were improperly denied participation in the Municipal Police Employees' Retirement System (MPERS). The beginning dates of employment for Plaintiffs ranged from 1979 to 1993. Plaintiffs allege that, although under the provisions of La.R.S. 11:2213 they are all entitled to participate in the MPERS, Breaux Bridge has never made any contributions to the MPERS on behalf of any of Plaintiffs. Instead, Breaux Bridge has paid into the federal social security retirement system for these employees. Plaintiffs made demands on Breaux Bridge to enroll them in the MPERS but Breaux Bridge responded that it was not required to enroll Plaintiffs in the system. Plaintiffs filed suit on October 19, 2007. Breaux Bridge subsequently filed a Petition for Declaratory Judgment. Plaintiffs filed an exception of lis pendens. The trial court denied Plaintiffs' exception and consolidated the two actions. Breaux Bridge then filed an Exception of Prescription. The parties submitted the matter on briefs. No evidence was presented to the trial court.

The trial court ruled Plaintiffs' claims for contributions prior to October 19, 2004, (three years before suit was filed in 2007), were prescribed and, therefore, dismissed. The trial court designated its judgment as a final judgment subject to immediate appeal.

Plaintiffs appeal this ruling alleging two assignments of error asserting that the trial court erred in applying the three year prescriptive period of La.Civ. Code art. 3494(1) and in finding their claims are exigible each time Breaux Bridge failed to make a monthly contribution to the MPERS on behalf of each Plaintiff. Plaintiffs did not appeal the trial court's denial of their exception of lis pendens.

2

## DISCUSSION

Plaintiffs acknowledge that this court has previously ruled in two cases that the three year prescriptive period found in La.Civ. Code art. 3494(1) applies to such claims and argues our reliance in those cases on the Louisiana Supreme Court's ruling in *Fishbein v. State ex rel. La. State University Health Sciences Center*, 04-2482 (La. 4/12/05), 898 So.2d 1260 is misplaced. We disagree. For the reasons set forth below we affirm the trial court's ruling.

Contrary to Plaintiffs' arguments, our decisions in *Deshotels v. Village of Pine Prairie,* 09-670 (La.App. 3 Cir. 12/9/09), 26 So.3d 975, *writ denied* 10-429 (La. 4/30/10), 34 So.3d 293 and *Coker v. Town of Glenmora*, 09-1432 (La.App. 3 Cir. 5/5/10), 37 So.3d 532, *writ denied* 10-1302 (La. 10/1/10), 45 So.3d 1096 are applicable to this case and properly relied upon the supreme court's ruling in *Fishbein*. The Louisiana supreme court's holding in *Fishbein* is likewise applicable. We reject Plaintiffs' assertion that this is a contract dispute and therefore subject to the ten year prescriptive period provided in La.Civ.Code art. 3499. As the Louisiana supreme court held in *Grabert v. Iberia Parish School Board*, 93-2715 (La. 7/5/94), 638 So.2d 645, 647: (emphasis in original)

> This petition to recover underpaid 'compensation for services rendered' is admittedly a personal action as defined by Louisiana Civil Code of Procedure article 422. However, the ten year prescriptive period set forth in article 3499, is only applicable to personal actions 'unless otherwise provided for by legislation.' La.Civ.Code art 3499. The prescriptive period for the instant consolidated suits for the recovery of underpaid wages *is otherwise provided for* in article 3494, for that article, as earlier indicated, provides a three year prescriptive period for personal actions seeking 'compensation for services rendered.'

As the Louisiana supreme court stated in *Fishbein*:

> This court has recognized that retirement contributions represent 'an increasingly important part of an employee's compensation for his services.' *Andrepont v. Lake Charles Harbor & Terminal Dist.*, 602 So.2d 704, 708 (La. 1992). Because of this, many courts have found in a variety of factual contexts that retirement benefits are deferred compensation for services. *Id.* In *T.L. James & Co., Inc. v.*

3

*Montgomery*, 332 So.2d 834, 851 (La. 1975) (on rehearing), this court concluded that an employer's contribution into a retirement-type plan 'is not a purely gratuitous act, but it is in the nature of additional remuneration to the employee who meets the conditions of the plan. The employer expects and receives something in return for his contribution, while the employee, in complying, earns the reward. The credits to these plans, when made, are in the nature of compensation (although deferred until contractually payable).' Relying on this portion of *T.L. James*, the *Andrepont* court concluded there is ample support for determining that contributions to retirement plans are among the emoluments of employment and can be considered deferred compensation. *Andrepont*, 602 So.2d at 708.

*We reaffirm our previous statements that contributions to retirement plans are a form of deferred compensation.* Consequently, we find that plaintiff's claim is one for compensation for services rendered. The applicable prescriptive period, then, is found in La. C.C. art. 3494, which provides that an action for the recovery of compensation for services rendered is subject to a liberative prescription of three years.

*Fishbein,* 898 So.2d at 1265-66 (emphasis added).

Louisiana Civil Code Article 3494 provides in pertinent part: (emphasis added)

The following actions are subject to a liberative prescription of three years:

(1) An action for the recovery of *compensation for services rendered,* including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board; …

Because this matter was submitted on briefs by agreement of both parties, no evidence was introduced at trial. When no evidence is presented an exception of prescription must be decided based upon the facts of the pleadings. *Denous v. Vessel Management Services, Inc.*, 07-2143(La. 5/21/08), 983 So.2d 84. Plaintiffs' petition alleges that Breaux Bridge made no contributions to Plaintiffs' retirement plan with the MPERS and further alleges that Breaux Bridge should have made such contributions on behalf of Plaintiffs. The petition also alleges Breaux Bridge wrongfully failed and/or refused to make contributions to the retirement system for Plaintiffs and failed to enroll Plaintiffs in the MPERS. The petition seeks relief in the form of a judgment requiring Breaux Bridge to "make any and all payments to

4

the MPERS" on behalf of Plaintiffs as wells as requiring Breaux Bridge "to allow the petitioners to participate in MPERS" and make appropriate future contributions to that retirement system for Plaintiffs. The judgment from which Plaintiffs appeal grants Breaux Bridge's Exception of Prescription and limits Plaintiffs' claims to those arising after October 19, 2004, a period of three years prior to the date Plaintiffs filed suit. The judgment does not determine whether Breaux Bridge can be compelled to enroll Plaintiffs in the MPERS. Thus, the matter before us only concerns whether the trial court properly limited Plaintiffs' potential recovery to a three year period prior to the filing of their action. Plaintiffs seek compensation in the form of retirement benefits which they claim Breaux Bridge did not pay, but should have paid, into this retirement system for municipal employees such as these police officers.

We have addressed this issue twice before in both *Coker* and *Deshotels*. In *Coker*, two police chiefs for the city sued the Town of Glenmora seeking recovery of contributions to MPERS which the town had not made on their behalf. They also sought enrollment in the MPERS. We upheld the trial court's ruling which found that the plaintiffs' claims were for unpaid wages and therefore subject to the three year liberative prescriptive period provided in La.Civ.Code art. 3494. We further note that in *Coker*, this court rejected the plaintiffs' reliance on the legal doctrine of *contra non valentem* as an exception to the prescription argument. As we stated in *Coker*, 37 So.3d at 534: (emphasis in original)

> Under Louisiana law, the doctrine of *contra non valentem* halts the running of prescription under certain circumstances. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261. Here, Coker and Johnson contend prescription was suspended from the time the town clerk communicated inaccurate information regarding their MPERS eligibility until they received correct information from the legislative auditor in 2007. The trial court disagreed with their argument:
>
> > The court finds that *contra non valentem* is not applicable here. The defendants are not responsible for the plaintiffs' lack of knowledge regarding the law and regarding the duty owed by the

defendants under the statute to contribute to MPERS on their behalf. If the defendant, or agents of the defendant, misinformed the plaintiffs, this misinformation and subsequent refusal by the Town to put the plaintiffs into MPERS did not *prevent* the plaintiffs from taking advantage of a judicial remedy against the defendant. When each of the plaintiffs' requests for participation in MPERS was denied, the plaintiff[s] then had "information sufficient to excite attention and prompt further inquiry." [*Stevens v. Bruce*, 04-133, p. 8 (La.App. 3 Cir. 6/2/04), 878 So.2d 734, 739, citing *Picard v. Vermilion P. Sch. Bd.*, 00-1222, p. 5 (La.App. 3 Cir. 4/4/01), 783 So.2d 590, 595, *writ denied*, 01-1346 (La.6/22/01), 794 So.2d 794.]

Not knowing the law or that the law provides a remedy is not equivalent to not knowing that the cause of action has arisen … Here, [p]laintiffs *were aware of the facts* giving rise to their cause of action and were not prevented from filing suit by the defendants' refusal to enroll the plaintiffs in MPERS.

In *Deshotels*, we found the defendant breached its duty to the employee but nevertheless found that his claim was subject to the three year liberative prescriptive period provided in La.Civ.Code art. 3494. Likewise, we find no error in the trial court's ruling in this case which limits Plaintiffs' claims to a period of three years prior to the filing of their lawsuit. For the reasons as stated the judgment of the trial court is affirmed with all costs of this appeal to be paid by Plaintiffs.

**AFFIRMED.**