(NOT DESIGNATED FOR PUBLICATION)

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1073

JACK L. DUTY

VERSUS

LOUISIANA FIREFIGHTERS' RETIREMENT
SYSTEM AND CITY OF NACHITOCHES

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES DOCKET NO. 81,283
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Phyllis M. Keaty, Judges.

AFFIRMED.

Edwin Dunahoe
Dunahoe Law Firm
402 Second Street
P.O. Box 607
Natchitoches, LA 71457
(318) 352-1999
ATTORNEY FOR PLAINTIFF/APPELLANT, Jack L. Duty

Ronald E. Corkern, Jr.
Corkern, Crews, & Guillet, L.L.C.
P.O. Box 1036
Natchitoches, LA 71458-1036
(318) 352-2302

Steven M. Oxenhandler
Michael J. O'Shee
Gold, Weems, Bruser, Sues & Rundell
P.O. Box 6118
Alexandria, LA  71301
(318) 445-6471
**ATTORNEYS FOR DEFENDANT/APPELLEE, City of Natchitoches**

**Cooks, Judge.**

## FACTS AND PROCEDURAL HISTORY

Jack L. Duty, (Duty) is a retired firefighter who worked for the City of Natchitoches (Natchitoches). Duty's petition does not chronicle the dates or years of his employment, or the date of his retirement as a firefighter for Natchitoches, but alleges he is a retired firefighter receiving retirement benefits from the Louisiana Firefighters' Retirement System (LFRS). He asserts Natchitoches did not make the proper contributions into the retirement system for him as its employee, and, consequently, he is not receiving the amount of retirement benefits he should be receiving. Duty alleges Natchitoches "failed to take into account regularly scheduled overtime," which La.R.S. 11:233(B)(2)(a) requires be used by Natchitoches in calculating the contributions to be made to Duty's retirement fund with LFRS. This alleged miscalculation also adversely affects Duty's Deferred Retirement Option Plan (DROP) funds which Duty alleges he is entitled to receive. Duty seeks to represent the class of all persons similarly affected but there has been no class certification to date.

As this litigation proceeded, Natchitoches filed an exception of prescription asserting that any of Duty's claims which arose more than three years prior to the date suit was filed are prescribed. The trial court granted Natchitoches' exception of prescription. In response to discovery requests filed by Duty, Natchitoches thereafter filed a motion for a protective order seeking to limit discovery to three years prior to the filing of Duty's suit. During the hearing on Natchitoches' motion for a protective order, LFRS made an oral exception of prescription asserting that any claims by Duty for recovery of compensation benefits to be paid by LFRS should be limited to three years prior to the filing of this suit. The trial court sustained LFRS' exception of prescription. Duty appealed the trial court's

judgment granting LFRS' exception. This court, in an unpublished opinion, dismissed Duty's appeal as the judgment appealed from was not certified as a final and immediately appealable judgment. *See Duty v. Louisiana Firefighters' Retirement System and City of Natchitoches*, 10-1226 (La.App. 3 Cir. 12/1/10), 51 So.3d 909. The trial court subsequently rendered written reasons for judgment and certified the March 8, 2010 judgment on LFRS' exception of prescription as a final judgment immediately appealable. Duty now appeals that judgment alleging one issue for our consideration. Duty asserts that his claim against LFRS for improperly calculated retirement benefits is subject to a ten year prescriptive period, not a three year period as applied by the trial court.

## DISCUSSION

This court recently addressed this issue in *Thibodeaux v. City of Breaux Bridge*, 11-851 (La.App. 3 Cir. 12/14/11) (*unpublished opinion*). In *Thibodeaux*, the plaintiff police officers employed by the city sued Breaux Bridge, alleging that it never made any contributions to the retirement system on behalf of the plaintiffs therein. Plaintiffs asserted, therefore, they were not receiving any benefits from the Municipal Police Employee's Retirement System (MPERS). The plaintiffs in *Thibodeaux* argued that the matter was a contract dispute subject to the ten-year liberative prescription provisions found in La.Civ.Code art. 3499. We rejected that argument.

Duty argues that his claims are for both contributions improperly made and benefits which are being improperly paid to him. He acknowledges that what he identifies as his claim for "contributions" improperly made is subject to a three year prescriptive period. He argues, however, that his claim for "benefits" not being paid to him are subject to a liberative prescription of ten years as provided in La. Civ.Code art. 3499. Duty argues, as did the police officers in *Thibodeaux*, that

2

this claim for "benefits" is a personal action and that La.Civ.Code art. 3499 provides: "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

Prescription concerning recovery of "compensation for services rendered" is provided for by other legislation, namely La.Civ.Code art. 3494 (emphasis added):

> The following actions are subject to a liberative prescription of three years:
>
> (1) An action for the recovery of *compensation for services rendered*, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;…

Retirement contributions and retirement benefits are deferred "compensation for services rendered." *Fishbein v. State ex rel. La. State University Health Sciences Center*, 04-2482, p.7, (La. 4/12/05), 898 So.2d 1260, 1265.

> This petition to recover underpaid "compensation for services rendered" is admittedly a personal action as defined by Louisiana Civil Code of Procedure article 422. However, the ten year prescriptive period set forth in article 3499, is only applicable to personal actions "unless otherwise provided for by legislation." La.Civ.Code art. 3499. The prescriptive period for the instant consolidated suits for the recovery of underpaid wages *is otherwise provided for* in article 3494 … , for that article, as earlier indicated, provides a three year prescriptive period for personal actions seeking "compensation for services rendered."

*Grabert v. Iberia Parish Sch. Bd.*, 93-2715, p. 2 (La. 7/5/94), 638 So.2d 645, 647 (footnote omitted).

As the Louisiana supreme court stated in *Fishbein,* 898 So.2d at 1265-66 (emphasis added) (footnote omitted):

> This court has recognized that *retirement contributions represent "an increasingly important part of an employee's compensation for his services." Andrepont v. Lake Charles Harbor & Terminal Dist.*, 602 So.2d 704, 708 (La. 1992). Because of this, many courts have found in a variety of factual contexts *that retirement benefits are deferred compensation for services. Id.* In *T.L. James & Co., Inc. v. Montgomery*, 332 So.2d 834, 851 (La. 1975) (on

3

rehearing), this court concluded that an employer's contribution into a retirement-type plan "is not a purely gratuitous act, but it is in the nature of additional remuneration to the employee who meets the conditions of the plan. The employer expects and receives something in return for his contribution, while the employee, in complying, earns the reward. The credits to these plans, when made, are in the nature of compensation (although deferred until contractually payable)." Relying on this portion of *T.L. James*, the *Andrepont* court concluded there is ample support for determining that contributions to retirement plans are among the emoluments of employment and can be considered deferred compensation. *Andrepont*, 602 So.2d at 708.

> *We reaffirm our previous statements that contributions to retirement plans are a form of deferred compensation.* Consequently, we find that plaintiff's claim is one for compensation for services rendered. The applicable prescriptive period, then, is found in La. C.C. art. 3494, which provides that an action for the recovery of compensation for services rendered is subject to a liberative prescription of three years.

Thus, both the "contributions" to Duty's retirement fund with LFRS and retirement "benefits" he is receiving are forms of deferred compensation for the services he performed and as such his claims concerning either are subject to the three year prescriptive period legislatively provided for in La.Civ.Code art. 3494. We again reiterate that our holdings in *Deshotels v. Village of Pine Prairie*, 09-670 (La.App. 3 Cir. 12/9/09), 26 So.3d 975, *writ denied*, 10-429 (La. 4/30/10), 34 So.3d 293, *Coker v. Town of Glenmora*, 09-1432 (La.App. 3 Cir. 5/5/10), 37 So.3d 532, *writ denied*, 10-1302 (La. 10/1/10), 45 So.3d 1096, and the state supreme court's holding in *Fishbein*, 898 So.2d 1260, are applicable here. Finding no error in the trial court's ruling, we affirm the judgment. All costs of this appeal are assessed against Plaintiff/Appellant Jack L. Duty.

**AFFIRMED.**